IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UBERFAN, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-842 (MN) |
| | ) |
| SNAP INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

At Wilmington this 19th day of November 2021:

WHEREAS, on June 10, 2021, Plaintiff initiated a patent-infringement action against Defendant Snap, Inc., alleging that Defendant infringes various claims of U.S. Patent Nos. 9,477,744, 9,727,634, 10,740,305, and 10,963,439 ("the Asserted Patents") (*see generally* D.I. 1);

WHEREAS, on August 16, 2021, Defendant moved to dismiss the Complaint (*see* D.I. 11), arguing that all claims of the Asserted Patents are directed to ineligible subject matter under 35 U.S.C. § 101;

WHEREAS, across the four Asserted Patents, there are more than eighty claims, and Defendant requests that the Court find each of those claims to be directed to patent ineligible subject matter at the motion to dismiss stage;

WHEREAS, Defendant asserts that there is a representative claim for all of the claims challenged under § 101 (*i.e.*, all of the claims of the Asserted Patents) and Plaintiff disputes the representativeness of the claim, asserting that Defendant "ignores critical claim language" (D.I. 15 at 5);

WHEREAS, should this case proceed to trial, the asserted claims will be narrowed through the parties' disclosures and discovery and, as such, most of the claims subject to Defendant's § 101 motions will not be in issue at later stages of the case (including at trial); and

WHEREAS, it is not an efficient use of the Court's time to address the patent eligibility of more than eighty claims from the Asserted Patents – even with a purportedly representative claim – at the motion to dismiss stage, particularly where the parties dispute whether that claim is representative.

THEREFORE, IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED without prejudice to renew at summary judgment.[1]

                                                                                       _____
                                                                                       The Honorable Maryellen Noreika
                                                                                       United States District Judge

---

[1] The parties should start to discuss narrowing the issues in this case – *i.e.*, the number of asserted claims and the number of asserted prior art references.